UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE A. HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19 C 5725 |
| | ) | |
| CHICAGO LOCAL 0001 UNION, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court are Defendant Chicago Local 0001 Union's ("Chicago Local") motion to dismiss Plaintiff Wayne A. Holmes's ("Holmes") amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and (7) and Plaintiff Holmes's motion for leave to compel joinder of Benjamin Johnson ("Johnson") as a necessary party. For the following reasons, the Court grants the motion to dismiss and denies the motion for leave to compel joinder of Johnson as a defendant.

# BACKGROUND

For purposes of this motion, the Court accepts as true the following facts from the complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Holmes's favor. *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014).

Plaintiff Holmes works as a labor custodian for the United States Postal Service ("USPS") at the Uptown Post Office. He is a union member of Chicago Local, the defendant in this case. Chicago Local is part of the American Postal Workers Union AFL-CIO, a federation of unions.[1] USPS and the American Postal Workers Union AFL-CIO entered into a Collective Bargaining Agreement and agreed to adhere to the Maintenance Series Handbook MS-47 House Keeping Manual ("MS-47"). Within the MS-47, the "Custodial Team Cleaning" policy sets procedures for cleaning ("CTC policy").

Holmes alleges USPS management violated the CTC policy at the Uptown Post Office. Specifically, Holmes asserts that USPS management engaged in "willful unilateral change" in "cutting 29 custodian jobs," reducing the number of cleaning custodians, reducing working hours for building service custodians, reducing custodians' cleaning frequencies, reducing the square footage of floor and outside grounds that need daily cleaning, failing to properly staff vacancies with the proper number of custodians, refusing to provide him a daily custodial route sheet, making unilateral changes to his workload, and creating unsafe and unsanitary working conditions for all employees.

Holmes filed a series of grievances with Chicago Local based on these violations. Holmes alleges there are procedures for addressing grievances, and Chicago Local has

---

[1] The American Postal Workers Union AFL-CIO was previously named as a defendant in this case, but Holmes voluntarily dismissed them on November 4, 2019. 1:19-cv-5725, Dkt. #39.

2

failed to adhere to them. The amended complaint does not indicate specifically what the grievance procedures are or at which stage Holmes is in the grievance process. However, Holmes alleges he requested the union move to "Step 2" on August 7, 2019 and "Step 3" on August 13, 2019. Holmes's request to advance to "Step 2" of the grievance procedure was sent to the Director of Maintenance, Johnson, whom Holmes seeks to add as a party to this case. Holmes alleges he has "exhausted all internal remedies under the contractual grievance and arbitration procedure" before bringing this case.

Based on these events, Holmes filed his initial pro se complaint on August 26, 2019, alleging three causes of action: (1) breach of the Collective Bargaining Agreement and related CTC policy against USPS, (2) breach of the implied covenant of good faith and fair dealing against USPS, and (3) a violation of § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, against USPS and Chicago Local. Holmes filed his first amended complaint on September 23, 2019, reasserting these claims against both USPS and Chicago Local, but not naming USPS as a defendant. On September 17, 2019, Chicago Local moved to dismiss Holmes's amended complaint under Federal Rules of Civil Procedure 12(b)(2), (5), (6), and (7). Presently, the remaining grounds of Chicago Local's motion to dismiss are Federal Rules of Civil Procedure 12(b)(6) and (7). Additionally, Holmes filed a motion for leave to compel joinder of Johnson as a defendant pursuant to Federal Rule of Civil Procedure 19.

## **LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs need not provide detailed factual allegations, but they must provide enough factual support to raise their right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) asserts that the complaint fails to join a party under Federal Rule of Civil Procedure 19. Fed. R. Civ. P. 12(b)(7). Rule 19 governs joinder by asking whether a party is (1) necessary, and should be joined, and (2) if the party cannot be feasibly joined, whether the party is indispensable such that the case cannot in "equity and good conscience" proceed

without that party and must be dismissed. *See Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001); *Next Level Sportsystems, Inc. v. S&S Activewear, LLC*, 2019 WL 1077129, at *1 (N.D. Ill. 2019). The purpose of Rule 19 is "to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Davis*, 268 F.3d at 481.

## **DISCUSSION**

At the outset, Holmes asks the Court for leave to compel joinder of Johnson as a defendant under Federal Rule of Civil Procedure 19. Next, Chicago Local seeks to dismiss Holmes's amended complaint on two grounds: (1) Holmes has not procedurally exhausted his claims as required by the LMRA, and (2) Holmes has failed to join a necessary party to this action, namely USPS. The Court addresses each argument in turn.

**I. Motion for Leave to Compel Joinder of Johnson**

Holmes seeks leave to compel joinder of Johnson as a necessary party to this case pursuant to Federal Rule of Civil Procedure 19, which permits joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *See Davis*, 268 F.3d at 481. Specifically, Holmes wants to add Johnson as a defendant in Count III, which alleges a claim under Section 301 of the LMRA.

Section 301 "gives federal courts jurisdiction over suits to enforce the terms of collective bargaining agreements." *Nemsky v. ConocoPhillips Co.*, 574 F.3d 859, 864

(7th Cir. 2009). Section 301 provides, in relevant part, that "[a]ny money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets." 29 U.S.C. § 185. The Supreme Court has interpreted this clause to indicate union officers cannot be held personally liable in a Section 301 claim. *Atkinson v. Sinclair Refining Co. and Complete Auto Transit, Inc.*, 370 U.S. 238, 248–49 (1962) (finding that union members and agents cannot be personally liable for judgments against the union); *Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401, 407 (1981) ("Section 301(b) by its terms prohibits a money judgment entered against a union from being enforced against individual union members.").

Holmes maintains that Johnson is a necessary party given his duty as a union director to process grievances. However, as detailed above, union officers are exempt from personal liability as a matter of law for suits brought under Section 301 of the LMRA. Accordingly, Chicago Local correctly asserts that Johnson cannot be added as a defendant in this suit. As such, the Court denies the motion for leave to compel joinder of Johnson as a necessary party.

**II. Procedural Exhaustion**

Next, Chicago Local moves the Court to dismiss Holmes's complaint under Federal Rule of Civil Procedure 12(b)(6) because Holmes has not exhausted his procedural remedies with the union, meaning that the case is not ripe for adjudication

6

by the Court. "A Section 301 lawsuit is an exception to a national labor policy that favors private rather than judicial resolution of disputes arising under collective bargaining agreements. Litigation is therefore considered the last resort in resolving such disputes." *Bell v. DaimlerChrysler Corp.*, 547 F.3d 796, 803 (7th Cir. 2008). To that end, when an employee's claim is based upon breach of the collective bargaining agreement, the employee must attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement before seeking judicial relief. *See Vaca v. Sipes*, 386 U.S. 171, 184 (1967); *see also Bell*, 547 F.3d at 804.

However, a failure to exhaust internal remedies does not definitively close the door to judicial review. There are circumstances in which an employee may obtain judicial review despite his failure to secure relief through internal remedial measures. *See Bell*, 547 F.3d at 802–03. The Seventh Circuit recognizes three non-exclusive factors in considering whether the failure to exhaust may be excused: "(1) whether the union has manifested such hostility to the plaintiff's grievance as to render exhaustion of his internal appeal rights futile, (2) whether the internal union appeals procedures are inadequate either to reactivate the grievance or to result in complete relief to the plaintiff, and (3) whether demanding exhaustion would cause undue delay in the resolution of the plaintiff's complaint." *Id*. at 805.

Taking these precedents together, Holmes must plead facts that indicate he has either exhausted his internal union remedies or failed to do so in an excusable manner. Chicago Local contends that Holmes's grievances are still pending, and Holmes should

allow the union to continue to process the grievance according to the agreed upon procedures. In contrast, Holmes alleges that he has requested advancement through the grievance process and "exhausted all internal remedies under the contractual grievance and arbitration procedure."

However, Holmes's allegation that he has exhausted the internal remedies is conclusory in nature. Holmes has not asserted what the established grievance procedures involve, what steps the parties have taken, or where in the process the parties concluded. It is insufficient to plead a conclusion that the internal remedy procedures have been exhausted; Holmes needs to plead facts that show that the procedures have indeed been exhausted. Absent that factual support, the Court cannot evaluate the underlying merits of Chicago Local's Rule 12(b)(6) motion. Accordingly, the Court grants Chicago Local's motion to dismiss Holmes's claim without prejudice and provides Holmes leave to amend in accordance with this Order.

**III. Necessity of USPS**

Finally, Chicago Local moves the Court to dismiss this action under Federal Rule of Civil Procedure 12(b)(7) because Holmes cannot prevail on his claims unless his employer, USPS, is also a party.

To assess a Rule 12(b)(7) motion, the Court must conduct a two-step inquiry—is the party necessary, and if the party cannot be joined, are they indispensable to the action. *Balsamo v. One Source Northern Regional Commuter Railroad Corp.*, 2005 WL 396303, *2 (N.D. Ill. 2005). In determining the necessity of a party, "the Court

analyzes three factors: (1) whether complete relief can be accorded among the parties without joinder, (2) whether the absent person's ability to protect his own interest will be impaired, and (3) whether any existing parties might be subject to risk of multiple or inconsistent obligations." *Id.*

Applying these factors to the instant matter, the Court finds that USPS is a necessary party. First, complete relief cannot be accorded among only Holmes and Chicago Local because the first two counts of the complaint are only brought against USPS. Therefore, Chicago Local has no liability for any relief awarded under those counts. Second, given that USPS is the only named defendant for Counts I and II, its interest will be impaired if the Court proceeds in an action against it without allowing it to mount a defense. Finally, there is a great risk of inconsistent obligations under the current complaint because Count III alleges a hybrid Section 301 claim, meaning that Holmes "must not only show that [USPS's conduct] was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union." *DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 165 (1983). Therefore, Chicago Local could be liable for USPS's breach of the CBA under Count III, while USPS could escape liability for that same conduct in a separate action. Based on the complaint presently before the Court, USPS must be a party to this suit.

Holmes attempts to salvage his claim by relying on Supreme Court precedent that affords an employee the choice to name his employer, union, or both as defendants in a hybrid Section 301 claim. *See id.* ("The employee may, if he chooses, sue one

9

defendant and not the other [in a hybrid Section 301 claim]; but the case he must prove is the same whether he sues one, the other, or both."); *Vaca*, 386 U.S. at 187 ("[I]nsofar as adjudication of the union's breach of duty is concerned, the result should be no different if the employee … sues the employer and the union in separate actions."). However, those holdings are cabined to the Section 301 claim found in Count III—they do not account for the two additional counts found in Holmes's amended complaint solely against USPS. Therefore, they do not apply to the full scope of potential liability or relief sought by the amended complaint, making this argument unpersuasive to the Court. Accordingly, the Court grants the motion to dismiss pursuant to Rule 12(b)(7).

## **CONCLUSION**

For the aforementioned reasons, the Court denies Holmes's motion to add Johnson as a defendant. Further, the Court grants the motion to dismiss Holmes's complaint under Federal Rules of Civil Procedure 12(b)(6) and (7) without prejudice and affords Holmes leave to file an amended complaint within thirty days consistent with this Order. It is so ordered.

Dated: 3/13/2020

_____

Charles P. Kocoras
United States District Judge